IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:07-CV-162-F

STANFORD E.C. MCPHERSON JR., )
a/k/a Chris Rattis, )
           Plaintiff, )
) **ORDER and**
v. ) **MEMORANDUM AND**
) **RECOMMENDATION**
HIGHLANDER RENTALS INC., et al., )
)
           Defendants. )

This pro se case is before the court on the motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2) (DE #2) by plaintiff Stanford E.C. McPherson Jr. ("plaintiff"), also known as Chris Rattis, a North Carolina inmate, and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be dismissed for the reasons stated below.

## I. BACKGROUND

Plaintiff alleges that on or about 8 to 10 April 2002 he was a tenant of an apartment in Falcon Crest Village in Fayetteville, North Carolina. (*See* Compl.[1] (DE #1), pp. 6, 10). At the time, an alleged conspiracy existed to gain access to, search, and steal property from plaintiff's apartment and to intimidate foreign nationals. (*Id.*). The members of the alleged conspiracy included Highlander

---

[1] Plaintiff's complaint consists of a form complaint filled out in handwriting, two handwritten attachments with additional text to be inserted in the form, and four exhibits, including one fax cover sheet from "Charlene" and three pages from the transcript of what appears to be the trial in *State of North Carolina v. Rattis, et al.* dealing with the rental and electricity agreement for plaintiff's apartment. Because plaintiff did not number all the pages of the complaint, the court will cite to it using the page numbers added by the court's docketing system.

Rentals, Inc. ("Highlander"), the alleged owner of Falcon Crest Village; John and Jane Doe, fictitious names for the alleged owners of Highlander; and Ms. Charlene, a/k/a Jane Doe ("Ms. Charlene"), an employee or co-owner of Highlander. (*Id.*, pp. 3, 6, 7). Ms. Charlene, "while fully representing" Highlander, allegedly carried out the conspiracy, illegally seizing cash and other property belonging to plaintiff. (*Id.*, pp. 5, 7). Plaintiff does not identify the amount of money or the property taken, or any individuals intimidated pursuant to the conspiracy. Plaintiff names Highlander and Ms. Charlene as the two defendants. (*Id.*, p. 2). Given a liberal reading, the complaint purports to assert claims for conspiracy,[2] breach of contract (*i.e.*, the rental agreement), conversion, trespass, and intentional infliction of emotional distress or assault (*i.e.*, intimidation of foreign nationals).[3] Plaintiff seeks both compensatory and punitive damages. (*Id.*, p. 4)

## II. DISCUSSION

The court must dismiss a case brought in forma pauperis if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

---

[2] North Carolina does not recognize an independent cause of action for civil conspiracy. *Anderson v. Derrick*, No. 1:06CV264, 2007 WL 1166041, at *9 (W.D.N.C. 12 Apr. 2007); *Fox v. Wilson*, 85 N.C. App. 292, 300, 354 S.E.2d 737, 743 (1987) (same). However, where there is an underlying claim for unlawful conduct, a plaintiff can assert an action for wrongful acts committed by persons pursuant to a conspiracy. *See Henderson v. LeBauer*, 101 N.C. App. 255, 260-61, 399 S.E.2d 142, 145, *disc. review denied*, 328 N.C. 731, 404 S.E.2d 868 (1991). This claim requires the showing of an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant. *Henderson*, 101 N.C. App. at 260-61, 399 S.E.2d at 145.

[3] In finding that the complaint purports to assert these various claims, the court is not holding that the complaint adequately states them, particularly the intimidation-related claims. For example, the complaint does not adequately allege any of the elements of intentional infliction of emotional distress, although it is suggestive of such a claim. *See Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). The persons allegedly intimidated are not even identified. The court has included discussion of such tenuous claims in the interest of completeness.

2

(1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Two principal issues are presented by the frivolity review of plaintiff's claims: whether the court has subject matter jurisdiction over them and whether plaintiff's claims are time barred. Each issue is examined in turn below.

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir.), *cert. denied*, 393 U.S. 891 (1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of

3

proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760.

The court may raise the issue of subject matter jurisdiction on its own initiative. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). Indeed, federal courts must assure themselves that they have subject matter jurisdiction. *Ruhugas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). A court may consider subject matter jurisdiction as part of the frivolity review. *See Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In this case, plaintiff does not assert any claim which is created by a federal statute, or which otherwise arises under the Constitution, laws, or treaties of the United States and would thereby establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although plaintiff used a form prisoner complaint for actions filed pursuant to 42 U.S.C. § 1983, his complaint fails to assert a claim under that statute.

Specifically, a claim under § 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Ford v. Major*, No. 8:07-

4

3891-HMH-BHH, 2008 WL 413724, at *2 (D.S.C. 6 Feb. 2008) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). To properly state a claim under § 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Id.* As discussed, plaintiff here does not allege the violation of a federal right, but instead asserts various state contract and tort claims. Likewise, the court finds that plaintiff's single, vague reference that defendants conspired with "lawenforcement [*sic*] officials" (Compl., p. 5) is insufficient to satisfy the requirement that defendants were acting under color of state law. *See Estate of Williams-Moore v. Alliance One Receivables Mgt, Inc.*, 335 F. Supp. 2d 636, 648 (M.D.N.C. 2004) (holding that "with respect to pleading requirements, 'conclusory allegations that [a party] acted under color of state law will not suffice'") (quoting *Wolfe v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984)).

Rather than federal question jurisdiction, the only possible basis for subject matter jurisdiction over this case is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). That statute provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For the diversity of citizenship requirement to be met, no plaintiff can be a citizen of the same state as any defendant. *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). A party is deemed a citizen of the state in which he is domiciled. *See Eastport Ventures, Ltd. v. Kariman*, No. 1:06CV1177, 2007 WL 783028, at *4 (E.D. Va. 13 March 2007). "A prisoner's domicile is presumed to be where he was domiciled prior to incarceration." *Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, slip op. at 1 (4th Cir. 4 Mar. 1992) (citing *Polakoff v. Henderson*, 370 F. Supp. 690 (N.D. Ga. 1973), *aff'd*, 488 F.2d 977 (5th Cir. 1974)); *see also*

5

*Ownby v. Cohen*, 19 F. Supp. 2d 588, 563 (W.D. Va. 1998). A corporate defendant "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *accord Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 289 (4th Cir. 1999). Even where a plaintiff chooses to bring suit against an individual without fully identifying the person by name, as here with respect to Ms. Charlene, the burden rests upon the plaintiff to prove that the individual is not a citizen of the same state as plaintiff. *See Sligh v. Doe*, 596 F.2d 1169, 1172 (4th Cir. 1979). As to the jurisdictional amount, the complaint must allege satisfaction of it or such satisfaction must be inferrable from the record, although a case is not subject to dismissal for failing to meet the jurisdictional amount unless it appears to a legal certainty that the jurisdictional amount is not met. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) ("the court should look to the face of the complaint itself to determine whether it is a legal certainty that plaintiff's claims do not reach the required amount"); *see also Martimes v. Northeast Pipeline, L.L.C. v. 16.66 Acres of Land*, 190 F.R.D. 15, 18 (D. Me. 1999) (plaintiff "has not plead, and the Court is not able to infer from the record, that the amount in controversy exceeds $75,000.").

The complaint here fails to establish the requisite diversity between plaintiff and defendants for jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff offers no allegations concerning his citizenship or the citizenship of Ms. Charlene or Highlander, although the court takes judicial notice that Highlander is incorporated in North Carolina and is therefore a citizen of this state.[4] Plaintiff has therefore failed to rebut the presumption that his citizenship is not diverse from that of the

---

[4] Highlander is identified as a North Carolina corporation on the North Carolina Department of the Secretary of State's web page, http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=4852490.

6

defendants. Plaintiff has also failed to plead the jurisdictional amount, and the present record does not support an inference that it is met.

The court acknowledges that plaintiff used a form complaint that is premised on federal question jurisdiction and therefore does not call for information on citizenship or the amount in controversy. In light of that fact, the court would provide plaintiff an opportunity to attempt to cure the jurisdictional defects in his complaint if that were the only deficiency in it. *See Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995) (noting the district court's decision to order plaintiff to particularize certain claims prior to frivolity review); *Burke v. McPeak*, No. 7:07-CV-554, 2007 WL 4571302, at *1 (W.D. Va. 27 Dec. 2007) (same). However, as explained below, the complaint suffers from other deficiencies that render moot an opportunity to cure the jurisdictional deficiencies.

**B.    Statutes of Limitations**

In its evaluation of a complaint filed in forma pauperis, "a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such a defense." *Eriline Co. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Statutes of limitations are intended to require that litigation be initiated within the prescribed time or not at all. *Congelton v. City of Asheboro*, 8 N.C. App. 571, 573-74, 174 S.E.2d 870, 871-72 (1970).

As previously mentioned, the complaint arguably purports to assert claims for conspiracy, breach of contract, conversion, trespass, and intentional infliction of emotional distress or assault. Under North Carolina law, the statute of limitations for each of these claims is three years. *See Carlisle v. Keith*, 169 N.C. App. 674, 685, 614 S.E.2d 542, 549 (2005) (conspiracy) (citing N.C. Gen. Stat. § 1-52(5)); N.C. Gen. Stat. § 1-52(1) (breach of contract); N.C. Gen. Stat. § 1-52(4) (conversion); N.C. Gen. Stat. § 1-52(3) (trespass); *Carter v. Rockingham County Bd. of Educ.*, 158

7

N.C. App. 687, 689, 582 S.E.2d 69, 72 (2003) (intentional infliction of emotional distress) (citing N.C. Gen. Stat. § 1-52(5)); N.C. Gen. Stat. § 1-52(19) (assault). Each of these causes of action except intentional infliction of emotional distress accrues, and the statute of limitations for each therefore begins to run, from the time the alleged unlawful conduct occurs. *See Carlisle v. Keith*, 169 N.C. App. at 674, 685, 614 S.E.2d at 544, 549 (holding three-year limitations period ran from date of transactions subject to alleged conspiracy); *Silver v. North Carolina Bd. of Transp.*, 47 N.C. App. 261, 266, 267 S.E.2d 49, 53-54 (1980) (limitations period for contract claims begins when the alleged breach occurs); *First Investors Corp. v. Citizen's Bank, Inc.*, 757 F. Supp. 687, 690-92 (W.D.N.C. 1991) (limitations period for conversion claims begins upon conversion and not upon discovery); *James v. Clark*, 118 N.C. App. 178, 184-85, 454 S.E.2d 826, 830 (1995) (limitations period for trespass claims begins with the first act of trespass); *Byrd v. Hopson*, 265 F. Supp. 2d 594, 599 (W.D.N.C. 2003) (limitations period for assault claims begin with the commission of the tort). A claim for intentional infliction accrues when the plaintiff became aware or should have become aware of the extreme emotional distress allegedly caused by the defendants. *Johnson v. ADT Sec. Sys., Inc.*, No. 3:96CV434-MCK, 1999 WL 1940046, at *2-3 (W.D.N.C. 10 March 1999) (citing *Russell v. Adams*, 125 N.C. App. 637, 640-41, 482 S.E.2d 30, 33 (1997)); *see also* N.C. Gen. Stat. § 1-52(16).

According to the complaint, all of the conduct underlying plaintiff's purported claims occurred between 8 and 10 April 2002. Therefore, all of the purported claims except the intentional infliction claim accrued by 10 April 2002. No basis is suggested for any tolling. Accordingly, plaintiff had to file suit no later than 10 April 2005 on these claims. However, he waited until 9 October 2007, or over two and a half years later, to assert them.

8

Plaintiff's putative intentional infliction claim could be deemed timely only if it accrued within three years of his filing the complaint, that is, on or after 9 October 2004. The court finds, however, that this claim would necessarily have accrued long before then. In other words, it could not reasonably have taken plaintiff approximately two and a half years, from April 2002 until October 2004, in which to discover any extreme emotional distress arising from defendants' alleged conduct. This claim, too, is therefore tardy.[5] All of plaintiff's purported claims are accordingly time barred.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that plaintiff's complaint be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have ten business days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

---

[5] The court notes that even if plaintiff had properly pled a § 1983 claim such action would also likely be barred under the applicable statute of limitations. The North Carolina statute of limitations for an action under § 1983 is three years. *Fayemi v. Offerman*, 99 Fed. Appx. 480, 481 (4th Cir. 2004) (per curiam). While the statute of limitations for a § 1983 action is borrowed from state law, accrual in § 1983 actions is based on "'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Id.* (quoting *Nassim v. Warden, Md. House of Corrs.*, 64 F.3d 951, 955 (4th Cir. 1995). There is nothing in the record suggesting that plaintiff did not have knowledge of the facts alleged by 10 April 2002.

This, the 17th day of April, 2008.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge