UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-162-F

| | |
|---|---|
| STANFORD E.E. McPHERSON, JR., ) <br> a/k/a CHRIS RATTIS, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HIGHLANDER RENTALS, INC., et al., ) <br> Defendants. ) | ORDER |

This matter is before the court on the Memorandum and Recommendation ("M & R") [DE-4] of United States Magistrate Judge James E. Gates filed on April 17, 2008. The pro se Plaintiff filed his objections [DE-5] to the M & R on April 29, 2008.

In the M & R, Judge Gates allowed Plaintiff's motion to proceed in forma pauperis, but recommended that Plaintiff's underlying complaint be dismissed as frivolous and for failure to state a claim. Specifically, Judge Gates determined that this court lacks subject matter jurisdiction over Plaintiff's claims. Judge Gates concluded that Plaintiff has not established federal question jurisdiction pursuant to 28 U.S.C. § 1331, because he does not assert any claims created by federal statute or that otherwise arise under the Constitution, laws, or treaties of the United States. Judge Gates also noted that the allegations of the Complaint fail to establish the requisite diversity between the parties needed for jurisdiction under 28 U.S.C. § 1332(a)(1), and Plaintiff fails to plead the requisite amount in controversy.

Judge Gates also observed that the Complaint ostensibly includes claims for conspiracy, breach of contract, conversion, trespass, intentional infliction of emotional distress and assault,

all of which allegedly occurred between April 8 and April 10, 2002. Judge Gates concluded that all of Plaintiff's claims were untimely under the applicable statutes of limitations, which for each claim is three years. Judge Gates also noted that even if Plaintiff had properly pleaded a claim pursuant to 42 U.S.C. § 1983, such a claim also would be barred by the applicable three-year statute of limitations.

In his objections to the M & R, Plaintiff asserts that he has stated a claim under 42 U.S.C. § 1983, and that he has "newly discovered evidence" supporting his claims -- a May 2007, affidavit from Joi Norfleet. *See* Obj. [DE-5], Attachment No. 1.[1] Whether Plaintiff has newly discovered evidence, however, is irrelevant. Even if the court assumes Plaintiff has stated a claim under 42 U.S.C. § 1983, such a claim is untimely under the applicable three-year statute of limitations. As Judge Gates stated in the M & R, a cause of action under § 1983 "accrues and the statute of limitations commences when the plaintiff possesses sufficient facts about the harm

---

[1] Plaintiff's Objection [DE-5] to the M & R contains, not only arguments directed to the Magistrate Judge's conclusions, but also "new" evidence and what arguably could be construed as new claims. Reading the Complaint and the Objections memorandum together, it appears that Plaintiff is complaining that state law enforcement officers conducted a search of the apartment he shared with Ms. Norfleet, upon her consent, and seized personal property as evidence against him (and for forfeiture) in a state criminal case. He complains that such actions constituted a conspiracy between the owners of the apartment complex and law enforcement officials to breach the terms of his rental agreement, and to deprive him of the possession and ownership of his personal property.

The Objection brief adds an allegation that the State of North Carolina has a "conflict of interest" (by virtue of Plaintiff being a prisoner) that has motivated it to deny him adequate legal resource materials and to withhold documents that he needs in order to prove the civil claims set forth in his Complaint. Plaintiff also tosses in the allegation that his "race, color, creed, religion and/or nationality" (none of which are identified) also support his invocation of federal jurisdiction. His "newly discovered evidence" – Ms. Norfleet's affidavit – adds nothing to his claims. None of Plaintiff's "new" allegations, even if properly raised, entitle him to relief. These time-barred claims contain no basis for the exercise of federal jurisdiction.

2

done to him that reasonably inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). There is nothing from the face of the Complaint, or from Ms. Norfleet's affidavit, that indicates that Plaintiff did not possess sufficient facts about the alleged harm done to him by April 10, 2002.

For the foregoing reasons, the court's independent analysis of the Plaintiff's Complaint, the M & R, and the Plaintiff's Objection thereto leads to the conclusion that the M & R is correct and in accordance with the law. Accordingly, the court hereby ADOPTS the Magistrate Judge's M &R [DE-4], and Plaintiff's Complaint is DISMISSED.

SO ORDERED.

This 21st day of May, 2008.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge